1  ERSKINE & TULLEY
   A PROFESSIONAL CORPORATION
2  MICHAEL J. CARROLL (St. Bar #50246)
   220 Montgomery Street, Suite 303
3  San Francisco, CA  94104
   Telephone:  (415) 392-5431
4  Fax: (415) 392-1978

5  Attorneys for Plaintiff

6

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 NORTHWEST ADMINISTRATORS, INC.,    ) NO.  C 07 3773 SI
                                      )
12              Plaintiff,            )
         vs.                          )     COMPLAINT
13                                    )
   THE GLIDDEN COMPANY, a California  )
14 corporation, doing business as     )
   ICI PAINTS                         )
15                                    )
                Defendant.            )
16 _____)

17       Plaintiff complains of defendant and for a cause of action
18 alleges that:
19       1.   Jurisdiction of this Court is founded upon Section
20 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C.
21 § 185(a)] and Section 502 of the Employee Retirement Income Security
22 Act of 1974, said Act being hereinafter referred to as "ERISA" (29
23 U.S.C. 1132), in that defendant has violated a collective bargaining
24 agreement and certain Trust Agreements, thereby violating the
25 provisions of ERISA and the provisions of the National Labor Relations
26 Act of 1947.  This action is also brought pursuant to the Federal
27 Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of
28

COMPLAINT
-1-

actual controversy between plaintiff and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiff is an organization incorporated and in good standing under the laws of the State of Washington. Plaintiff has qualified to do business and is doing business in the State of California, and its principal place of business in California is in Daly City, San Mateo County. Plaintiff is the administrator of the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND and has been directed and authorized by the Trustees of said Trust Fund to bring this action for and on behalf of the Trustees of said Trust Fund. The WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND will hereinafter be referred to as the "TRUST FUND". The Agreement and Declaration of Trust, dated April 26, 1955 (hereinafter referred to as the "Trust Agreement"), which Trust Agreement established the TRUST FUND sets forth the provisions governing the maintenance of the TRUST FUND pursuant to the applicable requirements of Section 302 of the Labor Management Relations Act of 1947 (29 U.S.C. § 186) as amended.

3. Each and every defendant herein is the agent of each and every other defendant herein. Defendants and each of them are engaged in commerce or in an industry affecting commerce.

4. At all times pertinent hereto defendant was bound by written collective bargaining agreements with Teamsters Local Union No. 853, labor organizations in an industry affecting commerce. The aforesaid agreements provide that defendant shall make contributions to the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND on behalf of defendant's employees on a regular basis, and that defendant shall be bound to and abide by all the provisions of the Trust Agreement

above referred to.

5. Defendant has breached both the provisions of the collective bargaining agreements and the Trust Agreement above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

6. Pursuant to the terms of the collective bargaining agreements, there is now due, owing and unpaid from defendant to the TRUST FUND (Pension Account No. 314059) contributions for hours worked by covered employees found due by a payroll audit for the period January 1, 2003 through July 31, 2006, and liquidated damages and interest which are specifically provided for by said agreement. The total amount due including interest to date is $13,582.10. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued. Interest continues to accrue on the principal amount.

7. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUND or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 6 above.

8. The Trust Agreement provides that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and a reasonable attorneys' fee. It has been necessary for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and a reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiff prays:

1. That the Court render a judgment on behalf of plaintiff for all contributions due and owing to the date of judgment, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court retain jurisdiction of this cause pending compliance with its orders.

3. For such other and further relief as the Court deems just and proper.

Dated: July 18, 2007

ERSKINE & TULLEY

By: /s/Michael J. Carroll
Michael J. Carroll
Attorneys for Plaintiff

COMPLAINT
-4-